Hearing Date: June 5, 2015 at 10:00 a.m.
Objections Due: May 18, 2015

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiffs Solus Alternative Asset*
*Management LP, Ultra Master Ltd, SOLA Ltd,*
*Solus Opportunities Fund 1 LP, Solus Opportunities Fund 2 LP,*
*Solus Recovery Fund III Master LP, Angelo, Gordon & Co., L.P.,*
*AG Super Fund International Partners, L.P.,*
*Botticelli LLC, Longhorn Credit Funding, LLC,*
*NexPoint Credit Strategies Fund, and Gov Re, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| DPH HOLDINGS CORP., et al., | : |
| | : Case No. 05-44481 (RDD) |
| Reorganized Debtors. | : (Jointly Administered) |
| | : |
| SOLUS ALTERNATIVE ASSET MANAGEMENT LP, ANGELO GORDON & CO, L.P., LONGHORN CREDIT FUNDING, LLC, NEXPOINT CREDIT STRATEGIES FUND, GOV RE, LTD., ULTRA MASTER LTD, SOLA LTD, SOLUS OPPORTUNITIES FUND 1 LP, SOLUS OPPORTUNITIES FUND 2 LP, SOLUS RECOVERY FUND III MASTER LP, AG SUPER FUND INTERNATIONAL PARTNERS, L.P., and BOTTICELLI LLC, | : Adversary No. 14-02445 (RDD)<br><br>: **PLAINTIFFS' STATEMENT OF**<br>: **UNDISPUTED FACTS, PURSUANT**<br>: **TO L.R.BANKR.P. 7056-1(b), IN**<br>: **SUPPORT OF MOTION,**<br>: **PURSUANT TO 11 U.S.C. § 105(a)**<br>: **AND FED. R. CIV. P. 56(a), FOR**<br>: **SUMMARY JUDGMENT ON**<br>: **COUNT ONE AND COUNT TWO OF** |
| Plaintiffs, | : **FIRST AMENDED COMPLAINT**<br>: **FOR DECLARATORY RELIEF AND** |
| vs. | : **BREACH OF CONTRACT AND FOR**<br>: **AN ORDER DIRECTING** |
| DELPHI AUTOMOTIVE PLC and DELPHI AUTOMOTIVE LLP, | : **COMPANY TO COMMENCE**<br>: **MAKING GENERAL UNSECURED** |
| | : **MDA DISTRIBUTION TO OLD** |
| Defendants. | : **DELPHI GENERAL UNSECURED**<br>: **CREDITORS** |

Pursuant to Rule 7056-1(b) of the Local Bankruptcy Rules for the Southern District of New York, plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding"), (a) Solus Alternative Asset Management LP ("Solus") and the following funds under its management and control: Ultra Master Ltd, SOLA Ltd, Solus Opportunities Fund 1 LP, Solus Opportunities Fund 2 LP, and Solus Recovery Fund III Master LP (collectively, the "Solus Funds"); (b) Angelo, Gordon & Co., L.P. ("Angelo Gordon") and the following funds under its management and control: AG Super Fund International Partners, L.P. and Botticelli LLC (collectively, the "Angelo Gordon Funds"); and (c) Longhorn Credit Funding, LLC, NexPoint Credit Strategies Fund, and Gov Re, Ltd. (collectively, the "Highland Funds," and, with Solus, the Solus Funds, Angelo Gordon, and the Angelo Gordon Funds, "Plaintiffs"), respectfully submit the following statement of undisputed facts (the "Statement") in support of their motion (the "Motion"), pursuant to 11 U.S.C. § 105(a), Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to the Adversary Proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, and Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York, for the entry of an Order (a) granting summary judgment with respect to the relief requested in Count One and Count Two of Plaintiffs' First Amended Complaint For Declaratory Relief And Breach Of Contract (Docket No. 20) (the "Amended Complaint") against defendants Delphi Automotive PLC ("DAP") and Delphi Automotive LLP ("DAL, and together with DAP, "Defendants" or the "Company") and (b) directing the Company to commence making the General Unsecured MDA Distribution.

1.      On or about July 30, 2009, the First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors In Possession (the "Debtors" or "Old Delphi") (As Modified) (the "Modified Plan") was confirmed. See Declaration of James C. Tecce filed concurrently herewith (the "Transmittal Decl.") at Exhibit A (Modified Plan).

2

2.    Commencing on October 8, 2005, Old Delphi filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").  Transmittal Decl. at Exhibit A (Modified Plan), at 21 (§ 1.174).

3.    On December 10, 2007, the Debtors filed their proposed First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates (the "Original Plan"), which provided for holders of general unsecured claims to be paid in full with accrued interest.  See Original Plan (Docket No. 11386 in Chapter 11 Case No. 05-44481 (RDD)) at 30 (§ 5.3); Supplement To First Amended Disclosure Statement With Respect To First Amended Joint Plan Of Reorganization of Delphi Corporation And Certain Affiliates, Debtors and Debtors-In-Possession (As Modified) ("Disclosure Statement Supplement"), filed June 16, 2009 (Docket No. 17031 in Chapter 11 Case No. 05-44481 (RDD)) at S-xii.

4.    Even though the Court entered an order confirming the Original Plan, the Debtors never consummated the Original Plan.  See Transmittal Decl. at Exhibit A (Modified Plan), at 1; Disclosure Statement Supplement at S-vi ("On April 4, 2008, Delphi announced that although it had met the conditions required to substantially consummate the Confirmed Plan, including obtaining $6.1 billion of exit financing and conducting the discount rights offering, the Plan Investors refused to participate in the closing that was commenced and attended by all required parties other than the Plan Investors.").

5.    The Debtors proposed significant changes to the Original Plan designed to facilitate an exit from bankruptcy, including a proposed sale of substantially all of the Debtors' assets.  See Disclosure Statement Supplement at S-vii ("In the exercise of the Debtors' fiduciary responsibilities to maximize the value of their estates for the benefit of their creditors, the Debtors have executed an agreement to reflect the foregoing transactions through a plan of reorganization.").

6. Certain of the debtor-in-possession lenders (the "DIP Lenders") formed DIP Holdco 3, LLC ("DIP Holdco 3"), predecessor-in-interest to Defendant DAL, for the purpose of acquiring Old Delphi businesses and assets through a credit bid to be consummated pursuant to the Modified Plan and specifically pursuant to the MDA among Old Delphi, DIP Holdco 3, and GM. See Transmittal Decl. at Exhibit E (the Master Disposition Agreement, dated as of July 26, 2009 (the "MDA")), at 1 (Recitals).

7. DIP Holdco 3 assigned to DIP Holdco LLP all of its rights and obligations under the MDA, and, on or about October 8, 2009, DIP Holdco LLP changed its name to "Delphi Automotive LLP." Transmittal Decl. at Exhibit B (Transcript of Hearing in Adv. Proc. No. 11-2934 ("Tr.") dated March 22, 2012), at 130:14-23.

8. Initially, the Modified Plan contemplated that unsecured creditors would receive 3% of distributions made by the Company to its members in excess of $7.2 billion, up to an aggregate maximum distribution of $180 million. See Disclosure Statement Supplement at S-xxxiii

9. The Creditors Committee objected to the Debtors' proposed modifications, and the classes of unsecured creditors rejected the proposed amended plan. See Disclosure Statements Supplement at 32 (listing General Unsecured Claims Classes (1C1-12C-1); Transmittal Decl. Exhibit D (Order Approving Modifications Under 11 U.S.C. § 1127(b) To (I) First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession, As Modified And (II) Confirmation Order (Docket No. 18707) (the "Confirmation Order")) at 28-29 (¶ T) (noting General Unsecured Claims Classes voted to reject Modified Plan); at 31, 34 (¶¶ Y, II) (noting Creditors' Committee withdrew its objection and supported cramdown of Modified Plan)).

10. Ultimately, a compromise was reached with the Debtors further amending the Modified Plan to increase the maximum potential distributions to unsecured creditors from $180 million to $300 million.  See Transmittal Decl. at Ex. A (Modified Plan), at 33 (§ 5.3).

11. The Confirmation Order provides that "[a]fter the Effective Date, the MDA Documents may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided, however, that neither prior to or after the Effective Date shall any provision in the Master Disposition Agreement or Operating Agreement regarding distributions to holders of general unsecured claims of the Debtors be amended, modified, or waived to reduce, eliminate, or otherwise affect such distributions." Transmittal Decl. Ex. D at 87 (¶ 64(g)).  See also Transmittal Decl. Exhibit F (Amended And Restated Operating Agreement Of DIP Holdco 3, LLC) (the "Operating Agreement").

12. Following entry of the Confirmation Order on July 30, 2009, the Modified Plan became effective and was substantially consummated on or about October 6, 2009.  See Notice Of (A) Order Approving Modifications To First Amended Joint Plan Of Reorganization Of Delphi Corporation And Certain Affiliates, Debtors And Debtors-In-Possession And (B) Occurrence Of Effective Date, Filed October 6, 2009 (Docket No. 18958 in Chapter 11 Case No. 05-44481 (RDD)), at 2 (¶ 3).

13. Defendant DAL is successor in interest to the Company Buyer (as defined under the Modified Plan).

14. DAL issued membership interests to its owners in exchange for common stock of DAP in November 2011.  See Transmittal Decl. Exhibit C-1 (relevant portions of DAP Form S-1 filed February 1, 2012 ("Form S-1")).

15. The Company's filings with the Securities & Exchange Commission (the "SEC") confirm that it has distributed property to its members in the form of redemptions, share repurchases, and dividends, the aggregate amount of which exceeds the $7.2 billion threshold in

5

the Modified Plan.  See Transmittal Decl. Exhibit C-1 (Form S-1, at 10-11; Exhibit C-2 (DAP Form 10-K, filed February 9, 2015 ("Form 10-K")), at 48-49, 91).

16.     On or about March 31, 2011 DAL redeemed all of the 1,750,000 Class A membership interests owned by GM and all of the 100,000 Class C membership interests owned by the PBGC for $3.8 billion and $594 million, respectively.  See Transmittal Decl. Exhibit C-1 (S-1).

17.     In September and October 2011, DAL repurchased 10,005 Class B membership interest units at a cumulative cost of approximately $179 million.  Transmittal Decl. Exhibit C-1 (S-1).

18.     On December 5, 2011, DAL made a distribution of approximately $95 million on to its members.  Id.

19.     DAP made the following share repurchases since 2012:  (i) a $300 million authorized program in January 2012 that was completed in September 2012, (ii) a $750 million authorized program in September 2012 that was completed in April 2014, and (iii) a $1.0 billion authorized program in January 2014 of which approximately $938 million of shares had been repurchased as of February 5, 2015, with approximately $62 million remaining.  See Transmittal Decl. Exhibit C-2 (10-K).

20.     Through December 31, 2014, payments made pursuant to the Company's authorized share repurchase programs aggregate approximately $1.988 billion.  Id.

21.     DAP introduced an initial dividend at $0.17 per quarter in the first quarter of 2013 and subsequently raised the dividend to $0.25 per quarter in the first quarter of 2014; the dividend has been paid quarterly since 2013.  See Transmittal Decl. Exhibit C2 (10-K) at 49.

22.     Since the introduction of the initial dividend in 2013, DAP has paid approximately $585 million in dividends.  Id.

23. In January of 2015, DAP authorized a new share repurchase program of up to $1.5 billion of ordinary shares to commence after the completion of the January 2014 share repurchase program. Id.

24. As of the date hereof, the Company has distributed property to its members that aggregates to an amount in excess of $7.2 billion. Id.

25. As of the date hereof, the Company has not commenced making the General Unsecured MDA Distribution. See Reorganized Debtors' Case Closing Status Report, at ¶ 11, filed Dec. 13, 2013 (Docket No. 22245 in Chapter 11 Case No. 05-44481 (RDD) Bankr. S.D.N.Y.) ("As of the date hereof [12/13/13], New Delphi has not made any distributions [to General Unsecured Creditors]"); Reorganized Debtors' Motion For Final Decree And Order Pursuant To 11 U.S.C. §§ 105, 350(a), And 1142, Fed. R. Bankr. P. 3022, And Local Bankr. R. 3022-1 Closing Bankruptcy Cases And Providing Related Relief, dated July 7, 2013 (Docket No. 22073 in Chapter 11 Case No. 05-44481 (RDD) Bankr. S.D.N.Y.) at 4 (defining "New Delphi" as DAP)).

26. The Company has stated in its SEC filings that it does not believe it is likely that it will ever exceed the $7.2 billion threshold and has therefore made no reserves for the payment of the General Unsecured MDA Distribution.  See Transmittal Decl. Exhibit C2 (10-K) at 91 ("Delphi considers cumulative distributions through December 31, 2014 to be substantially below the $7.2 billion threshold .... Accordingly, no accrual for this matter has been recorded as of December 31, 2014.").

Dated: New York, New York
April 24, 2015

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
By:  /s/ James C. Tecce
Susheel Kirpalani
James C. Tecce
Eric M. Kay

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: susheelkirpalani@quinnemanuel.com
jamestecce@quinnemanuel.com
erickay@quinnemanuel.com

*Counsel for Plaintiffs, Solus Alternative Asset Management LP, Ultra Master Ltd, SOLA Ltd, Solus Opportunities Fund 1 LP, Solus Opportunities Fund 2 LP, Solus Recovery Fund III Master LP, Angelo, Gordon & Co., L.P., AG Super Fund International Partners, L.P., Botticelli LLC, Longhorn Credit Funding, LLC, NexPoint Credit Strategies Fund, and Gov Re, Ltd.*